JENNIE Y. MARTIN, APPELLANT, v. THE CENTRAL RAIL-
ROAD OF NEW JERSEY, RESPONDENTS.

Decided January 3, 1936.

Dissenting opinion.

For majority opinion, see 116 *N. J. L.* 162.

LLOYD, J. (Dissenting.) Was the employe at the time of
his accident engaged in interstate transportation or in work
so closely related to it as to be practically a part of it? This
is the test. *Shanks* v. *Delaware, Lackawanna and Western
Railroad Co.,* 239 *U. S.* 556.

That he was not directly in such transportation is clear.
Was the work of repair of the roof of the train shed into
which interstate transportation entered so closely related
thereto as to be practically a part of it? My answer is yes.
If the work Martin was doing had been repair of the cars or
engine of the train or even of a bridge or of the roadbed used
in such transportation it is well settled that his employment
would have been in this service. For this the above cited case
is also authority.

If the train in which the passenger rides and the roadbed
upon which he rides are instruments in interstate transpor-
tation, is the floor of the platform upon which the passenger
alights or the roof over the platform which protects him from
the elements as he alights, less closely related to such trans-
portation? My answer is no. The test seems to be, as I
see it, one of remoteness and degree. Martin's work was not
remote. Without a safe landing place the passenger could
not complete his journey. Without a proper landing place
(one protecting him from the elements) he could not com-
plete it in comfort. When provided by the company and
used by it for the latter purpose, its care and repair, both as
to the platform and roof, were essential to its continued use.